UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

# 04-60006 CASE NO. CR-COHN   MAGISTRATE JUDGE SNOW

18 U.S.C. 1962(d)
18 U.S.C. 1512
18 U.S.C. 1956(h)
21 U.S.C. 846
21 U.S.C. 963
18 U.S.C. 401(3)
18 U.S.C. 2

UNITED STATES OF AMERICA,

        Plaintiff,

v.

JOSEPH RUSSO, JR.,
JEFFREY TOBIN,
DAVID TOBIN,
JOHN MAMONE,
PETER ROSSI,
CECIL ROWELL, aka "the Indian"
ROBERT LEWANDOWSKI, and
GRACE MAMONE,

        Defendants.

_____/

## INDICTMENT

The Grand Jury charges that:

### Count 1

**THE ENTERPRISE**

1.    From in or about 1991, through the date of the return of the indictment, in the Southern District of Florida, and elsewhere, the defendants,

        JOSEPH RUSSO, JR.,
        JEFFREY TOBIN,
        DAVID TOBIN,
        JOHN MAMONE,
        PETER ROSSI,
        CECIL ROWELL, and

ROBERT LEWANDOWSKI,

and others known and unknown to the grand jury, constituted an enterprise within the meaning of Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact.  The enterprise was engaged in, and its activities affected interstate and foreign commerce.  The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

### THE PURPOSE AND OBJECT OF THE ENTERPRISE

2.    The principal purpose and object of the enterprise was to make money for the members and associates of the enterprise through criminal activities, including the sale and distribution of marijuana.

### THE RICO CONSPIRACY

3.    From in or about 1991, through the date of the return of the indictment, in the Southern District of Florida, and elsewhere, the defendants,

JOSEPH RUSSO, JR.,
JEFFERY TOBIN,
DAVID TOBIN,
JOHN MAMONE,
PETER ROSSI,
CECIL ROWELL, and
ROBERT LEWANDOWSKI,

and others known and unknown to the grand jury, being persons employed by and associated with the enterprise, which enterprise engaged in, and the activities of which affected, interstate and

2

foreign commerce, did unlawfully and knowingly combine, conspire, confederate and agree to conduct and participate, directly and indirectly, in the conduct of the affairs of the enterprise through a pattern of racketeering activity as defined in Title 18, United States Code, Section 1961(1)and (5).

### THE PATTERN OF RACKETEERING ACTIVITY

4.   The pattern of racketeering activity through which the defendants and their co-conspirators agreed to conduct and participate, directly and indirectly, in the conduct of the affairs of the enterprise consisted of multiple acts involving violations of the following laws:

a.   Acts or threats involving murder indictable under Section 782.04 Florida Statutes;

b.   Acts or threats involving kidnaping indictable under Section 787.01 Florida Statutes;

c.   Acts relating to the laundering of monetary instruments indictable under Title 18, United States Code, Section 1956;

d.   Acts relating to engaging in monetary transactions in property derived from specified unlawful activity indictable under Title 18, United States Code, Section 1957;

e.   Acts relating to the possession with intent to distribute in excess of 1,000 kilograms of marijuana, a controlled substance, the distribution of marijuana and conspiracy to do so

3

indictable under Title 21, United States Code, Sections 846 and 841;

     f.  Acts relating to the importation of in excess of 1,000 kilograms of marijuana, a controlled substance and conspiracy to do so, indictable under Title 21, United States Code, Sections 963 and 952;

     g.  Acts relating to the use of a communication facility, that is, a telephone, in facilitating the commission of crimes identified in subparagraphs (e) and (f), above, indictable under Title 21, United States Code, Section 843(b);

     h.  Acts of obstruction of justice relating to the tampering with witnesses and informants indictable under Title 18, United States Code, Section 1512;

     i.  Acts relating to obstruction of justice indictable under Title 18, United States Code, Section 1503; and,

     j.  Acts relating to interstate travel in aid of racketeering indictable under Title 18, United States Code, Section 1952.

## MANNER AND MEANS OF THE CONSPIRACY

     5.  It was part of the conspiracy that each defendant agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the enterprise.

     6.  It was part of the conspiracy that defendants JOSEPH RUSSO JR., JEFFREY TOBIN and other co-conspirators would direct and

4

supervise an enterprise that would engage in the importation and distribution of substantial quantities of Mexican marijuana and hydroponically grown marijuana to various parts of the United States in return for substantial profits.

7. It was further part of the conspiracy that co-conspirators would purchase substantial quantities of marijuana from Mexican suppliers that would be transported from Mexico to parts of California and Arizona for eventual distribution in the Northeast, Midwest, South Florida, and elsewhere.

8. It was further part of the conspiracy that defendants JOSEPH RUSSO, JR., JEFFREY TOBIN, DAVID TOBIN, CECIL ROWELL and other co-conspirators would aid in the distribution of Mexican marijuana throughout the United States by assisting in the re-packaging of numerous individual parcels of the marijuana at "stash houses" located in Phoenix and Tucson, Arizona for the benefit of the enterprise.

9. It was further part of the conspiracy that defendants JEFFREY TOBIN, JOSEPH RUSSO, JR., CECIL ROWELL and other co-conspirators would rent warehouses in the name of fictitious businesses in the Phoenix and Tucson, Arizona area for the purpose of storing substantial quantities of marijuana transported from Mexico.

10. It was further part of the conspiracy that defendants JOSEPH RUSSO, JR., JEFFREY TOBIN, JOHN MAMONE, PETER ROSSI, CECIL

ROWELL and other co-conspirators would arrange for the transportation of Mexican marijuana purchased in California and Arizona by using United States mails, Federal Express, employees from the airlines, private vehicles and interstate trucking companies, among other means, for the benefit of the enterprise.

11.  It was further part of the conspiracy that defendants JEFFREY TOBIN, DAVID TOBIN, CECIL ROWELL and other co-conspirators would acquire and/or maintain "stash houses" located in New York and New Jersey for the purpose of facilitating the storage and ultimate sale and distribution of substantial quantities of Mexican marijuana to wholesale purchasers located in Nebraska, Kansas, Ohio, Pennsylvania, New Jersey, New York, Florida and other areas for the benefit of the enterprise.

12.  It was further part of the conspiracy that defendant JOHN MAMONE and other co-conspirators would facilitate the transportation of substantial quantities of marijuana from Arizona to the Northeast by using  Gateway Transportation, an interstate trucking company.

13.  It was further part of the conspiracy that defendants JOHN MAMONE, CECIL ROWELL and other co-conspirators would facilitate the shipments of drugs from California and/or Arizona by executing false shipping documents with fictitious names, placing interstate telephone calls and paying interstate carriers upon delivery of the drugs to the Northeast.

14.   It was further part of the conspiracy that the co-conspirators would supervise the transportation of millions of dollars of cash proceeds from the sale of Mexican marijuana for the purpose of purchasing additional quantities of drugs, paying for costs associated with the sale and distribution of marijuana and dividing the illegal profits among members of the enterprise.

15.   It was further part of the conspiracy that defendants JOSEPH RUSSO, JR., JEFFREY TOBIN, ROBERT LEWANDOWSKI and other co-conspirators would protect the enterprise's operation    by kidnaping, assaulting and/or threatening to murder persons who were indebted to the organization or considered a threat to its continuing operation.

16.   It was further part of the conspiracy that defendants JOSEPH RUSSO, JR., JEFFREY TOBIN, PETER ROSSI, CECIL ROWELL and other co-conspirators would obstruct justice by bribing and intimidating witnesses who had information regarding the criminal activities of the Enterprise.

17.   It was further part of the conspiracy that defendants JOSEPH RUSSO, JR., JEFFREY TOBIN and other co-conspirators would provide funds for hiring criminal defense attorneys and the posting of bail for members of the enterprise that were arrested in return for their not cooperating with law enforcement.

18.   It was further part of the conspiracy that defendants JOSEPH RUSSO, JR., JEFFERY TOBIN, DAVID TOBIN and other co-

7

conspirators would create false and misleading personal and corporate financial reports, including federal income tax returns, that omitted declaring substantial income generated by the illegal sale of marijuana for the purpose of avoiding law enforcement detection.

19.  It was further part of the conspiracy that defendant JOHN MAMONE and other co-conspirators would endeavor to obstruct justice in order to thwart the investigation of the enterprise by providing false and misleading information to law enforcement concerning the existence of the enterprise and the identity of its members.

20.   It was further part of the conspiracy that the co-conspirators would take all steps necessary to prevent detection by law enforcement of their criminal activities, including but not limited to conspiracy to commit murder, kidnaping, concealing evidence, making false statements to law enforcement, all for the benefit of the enterprise.

All in violation of Title 18, United States Code, Section 1962(d).

Count 2

1.   From in or about 1991, and continuing thereafter to in or about 2001, in the Southern District of Florida, and elsewhere, the defendants,

JEFFREY TOBIN,
DAVID TOBIN,
JOHN MAMONE,
PETER ROSSI,
CECIL ROWELL, and

8

ROBERT LEWANDOWSKI,

knowingly and intentionally combined, conspired, confederated and

agreed with each other and with other persons known and unknown to

the Grand Jury, to commit an offense against the United States,

that is, to violate Title 21, United States Code, Section

841(a)(1).

## THE PURPOSE AND OBJECT OF THE CONSPIRACY

The purposes and objects of this conspiracy were to knowingly

and intentionally possess with the intent to distribute in excess

of 1,000 kilograms of marijuana, a Schedule I controlled substance,

and to knowingly and intentionally distribute in excess of 1,000

kilograms of marijuana, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Section 846.

### Count 3

1.    From in or about 1991, and continuing thereafter to in or

about 2001, in the Southern District of Florida, and elsewhere, the

defendants,

JOSEPH RUSSO, JR.,
JEFFREY TOBIN,
DAVID TOBIN,
JOHN MAMONE,
PETER ROSSI,
CECIL ROWELL, and
ROBERT LEWANDOWSKI,

did knowingly and intentionally combine, conspire, confederate and

agree with persons both known and unknown to the Grand Jury to

commit an offense against the United States, that is, to  violate

9

Title 21, United States Code, Section 952(a).

## THE PURPOSE AND OBJECT OF THE CONSPIRACY

The purpose and object of this conspiracy was to unlawfully import into the United States from any place outside thereof in excess of 1,000 kilograms of marijuana, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Section 963.

### Count 4

1.   Beginning in about 1991, and continuing thereafter until the return of this indictment, in the Southern District of Florida, and elsewhere, the defendants,

> JOSEPH RUSSO, JR.,
> JEFFERY TOBIN,
> DAVID TOBIN,
> JOHN MAMONE,
> PETER ROSSI, and
> CECIL ROWELL,

did knowingly conspire, confederate, and agree with each other and with other persons known and unknown to the Grand Jury to commit offenses against the United States, that is, to violate Title 18, United Stats Code, Sections 1956(a)(1)(A)(i) and (B)(i).

## THE PURPOSE AND OBJECT OF THE CONSPIRACY

2.   It was the purpose and object of the conspiracy to knowingly and willfully conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, that is, the use of illegal proceeds generated from the sale of substantial

quantities of marijuana to purchase additional quantities of marijuana and pay for costs related to the sale of marijuana, including transportation costs and employee expenses, which involved the proceeds of specified unlawful activity, specifically, the importation, sale and distribution of marijuana, a Schedule I controlled substance, in violation of Title 21, United Stats Code, Sections 963, 846, 841, and 952; with the intent to promote the carrying on of said specified unlawful activities, and knowing the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activities and knowing the property involved represented the proceeds of some form of unlawful activity.

All in violation of Title 18, United States Code, Section 1956(h).

Count 5

1.   From in or about September 2002, and continuing thereafter until in or about October 2002, in the Southern District of Florida, and elsewhere, the defendants,

JOHN MAMONE, and<br>GRACE MAMONE,

did knowingly and willfully corruptly attempt to persuade another person and engage in misleading conduct toward that person, with intent to hinder, delay, and prevent the communication to a law enforcement officer information relating to the commission of a

11

Federal offense, that is, the illegal importation and distribution
of marijuana in violation of federal law.

All in violation of Title 18, United States Code, Sections
1512(b)(3) and 2.

### Count 6

1.   On or about December 9, 2003, in the Southern District of
Florida, and elsewhere, the defendant,

### PETER ROSSI,

did willingly and knowingly disobey and resist a lawful order of a
Court of the United States, that is, an Order issued by the
Honorable William P. Dimitrouleas, United States Judge in the
Southern District of Florida, on November 18, 2003, in the matter
of In re: Witness Before the Grand Jury by failing to appear as a
witness before Federal Grand Jury 02-01 as ordered by the Court.

All in violation of Title 18, United States Code, Section
401(3).

### Count 7

1.   On or about December 30, 2003, in the Southern District
of Florida, and elsewhere, the defendant,

### PETER ROSSI,

did willingly and knowingly disobey and resist a lawful order of a
Court of the United States, that is a Show Cause Order issued by
the Honorable William P. Dimitrouleas, United States Judge in the
Southern District of Florida, on December 12, 2003, in the matter

of <u>In re: Witness Before the Grand Jury</u> by failing to appear before the Court at the time and place ordered by the Court.

All in violation of Title 18, United States Code, Section 401(3).

**FORFEITURE**

Pursuant to Rule 32.2(a), Federal Rules of Criminal Procedure, notice is hereby given to the defendants that the United States will seek forfeiture as part of any sentence in accordance with Title 18, United States Code, Sections 1963 and 982, and Title 21, United States Code, Section 853 and 970, in the event of any defendant's conviction(s) under Counts 1-4 of this Indictment.

**RACKETEERING FORFEITURE**

1.  Pursuant to Title 18, United States Code, Section 1963(a), each defendant who is convicted of the offense set forth in Count 1 of this Indictment shall forfeit to the United States the following property:

(a) Any interest acquired or maintained pursuant to Section 1962;

(b) Any interest in, security of, claim against, or property or contractual rights of any kind affording a source of influence over, the enterprise described in Count 1 which was established, operated, controlled and conducted pursuant to Title 18, United States Code, Section 1962;

(c) Any property constituting or derived from proceeds

13

obtained directly and indirectly from racketeering activity pursuant to Title 18, United States Code, Section 1962;

(d) The property subject to forfeiture shall include, but not be limited to, the following:

(i). MONEY JUDGMENT. A sum of money equal to $80,000,000 in United States currency, representing the amount of proceeds obtained as a result of the violation of Title 18, United States Code, Section 1962. If more than one defendant is convicted of Count 1, the defendants so convicted are jointly and severally liable for the amount subject to forfeiture under this paragraph.

All pursuant to Title 18, United States Code, Section 1963.

## DRUG CONSPIRACIES FORFEITURES

1. Pursuant to Title 21, United States Code, Sections 853 and 970, each defendant who is convicted of the offense set forth in Counts 2 and 3 of this Indictment shall forfeit to the United States the following property:

(a) Any property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as the result of the violations of Title 21, United States Code, Sections 846 and 963;

(b) Any of the defendant's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the violation of Title 21, United States Code, Sections 846 or 963;

14

(c) The property subject to forfeiture shall include, but not be limited to, the following:

i.  MONEY JUDGMENT.   A sum of money equal to $80,000,000 in United States currency, representing the amount of proceeds obtained as a result of the violation of Title 21, United States Code, Section 846 or 963, for which the defendants are jointly and severally liable.

All pursuant to Title 21, United States Code, Sections 853 and 970.

### MONEY LAUNDERING FORFEITURE

1. Pursuant to Title 18, United States Code, Section 982, incorporating Title 21, United States Code, Section 853, each defendant who is convicted of one or more of the offenses set forth in Count 4 shall forfeit to the United States the following property:

a. All right, title, and interest in any and all property involved in the offense pursuant to Title 18, United States Code, Section 1956(h), for which the defendant is convicted, and all property traceable to such property, including the following:

1) all money or other property that was the subject of each transaction, transportation, transmission or transfer pursuant to Section 1956(h);

2) all commissions, fees and other property constituting proceeds obtained as a result of those violations; and

15

3) all property used in any manner or part to commit or to facilitate the commission of those violations.

(b) The property subject to forfeiture shall include, but not be limited to, the following:

i.  MONEY JUDGMENT.  A sum of money equal to $80,000,000 in United States currency, representing the amount of property involved in and/or obtained as a result of the violation of Title 18, United States Code, Section 1956(h), for which the defendants are jointly and severally liable.

All pursuant to Title 18, United States Code, Section 982, incorporating Title 21, United States Code, Section 853.

### SUBSTITUTE PROPERTY

1.  If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants-

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

16

it is the intent of the United States, pursuant to Title 18, United States Code, Section 1963(m), Title 21, United States Code, Section 853(p), and Rule 32.2 Fed. R. Crim. P. to seek forfeiture of any other property of said defendant(s) up to the value of the forfeitable property described above.

_____
Foreperson

_____
MARCOS DANIEL JIMENEZ
UNITED STATES ATTORNEY

_____
J. BRIAN McCORMICK
ASSISTANT UNITED STATES ATTORNEY

_____
DIANA L.W. FERNANDEZ
ASSISTANT UNITED STATES ATTORNEY

_____
JAMES R. PAVLOCK
SENIOR TRIAL ATTORNEY,
U.S. DEPT. OF JUSTICE, CRIM. DIVISION

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# PENALTY SHEET

Defendant's Name:   JOSEPH RUSSO, JR.

Count #: 1     18 U.S.C. 1962(d)     Rico Conspiracy

*Max. Penalty: Life imprisonment, mandatory minimum 10 years' imprisonment, and up to a $250,000 fine; supervised release term of not more than five years

Count #: 3     21 U.S.C. 963          Conspiracy to Import With Intent to Distribute - Marijuana

*Max. Penalty: Life imprisonment, mandatory minimum 10 years' imprisonment, and up to a $4,000,000 fine; supervised release term of not more than five years

Count #: 4     18 U.S.C. 1956(h)     Conspiracy to Commit Money Laundering

*Max. Penalty:  20 years' imprisonment and up to a $500,000 fine or twice the value of the funds involved in the transaction; supervised release term of not more than five years

Count #:

*Max. Penalty:

Count #:

*Max. Penalty:

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# PENALTY SHEET

Defendant's Name:   JEFFREY TOBIN

Count #: 1      18 U.S.C. 1962(d)      Rico Conspiracy

\*Max. Penalty: Life imprisonment, mandatory minimum 10 years' imprisonment, and up to a $250,000 fine; supervised release term of not more than five years

Count #: 2      21 U.S.C. 846          Conspiracy to Possess With Intent to Distribute - Marijuana

\*Max. Penalty: Life imprisonment, mandatory minimum 10 years' imprisonment, and up to a $4,000,000 fine; supervised release term of not more than five years

Count #: 3      21 U.S.C. 963          Conspiracy to Import With Intent to Distribute - Marijuana

\*Max. Penalty: Life imprisonment, mandatory minimum 10 years' imprisonment, and up to a $4,000,000 fine; supervised release term of not more than five years

Count #: 4      18 U.S.C. 1956(h)      Conspiracy to Commit Money Laundering

\*Max. Penalty:  20 years' imprisonment and up to a $500,000 fine or twice the value of the funds involved in the transaction; supervised release term of not more than five years

Count #:

\*Max. Penalty:

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# PENALTY SHEET

Defendant's Name:   DAVID TOBIN

Count #: 1      18 U.S.C. 1962(d)      Rico Conspiracy

*Max. Penalty: Life imprisonment, mandatory minimum 10 years' imprisonment, and up to a $250,000 fine; supervised release term of not more than five years

Count #: 2      21 U.S.C. 846        Conspiracy to Possess With Intent to Distribute - Marijuana

*Max. Penalty: Life imprisonment, mandatory minimum 10 years' imprisonment, and up to a $4,000,000 fine; supervised release term of not more than five years

Count #: 3      21 U.S.C. 963        Conspiracy to Import With Intent to Distribute - Marijuana

*Max. Penalty: Life imprisonment, mandatory minimum 10 years' imprisonment, and up to a $4,000,000 fine; supervised release term of not more than five years

Count #: 4      18 U.S.C. 1956(h)      Conspiracy to Commit Money Laundering

*Max. Penalty:  20 years' imprisonment and up to a $500,000 fine or twice the value of the funds involved in the transaction; supervised release term of not more than five years

Count #:

*Max. Penalty:

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## PENALTY SHEET

Defendant's Name:   JOHN MAMONE

Count #: 1     18 U.S.C. 1962(d)     Rico Conspiracy

*Max. Penalty: Life imprisonment, mandatory minimum 10 years' imprisonment, and up to a $250,000 fine; supervised release term of not more than five years

Count #: 2     21 U.S.C. 846          Conspiracy to Possess With Intent to Distribute - Marijuana

*Max. Penalty: Life imprisonment, mandatory minimum 10 years' imprisonment, and up to a $4,000,000 fine; supervised release term of not more than five years

Count #: 3     21 U.S.C. 963          Conspiracy to Import With Intent to Distribute - Marijuana

*Max. Penalty: Life imprisonment, mandatory minimum 10 years' imprisonment, and up to a $4,000,000 fine; supervised release term of not more than five years

Count #: 4     18 U.S.C. 1956(h)     Conspiracy to Commit Money Laundering

*Max. Penalty:  20 years' imprisonment and up to a $500,000 fine or twice the value of the funds involved in the transaction; supervised release term of not more than five years

Count #: 5     18 U.S.C. 1512          Obstruction of Justice

*Max. Penalty: 10 years' imprisonment and up to a $250,000 fine; supervised release term of not more than three years

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# PENALTY SHEET

Defendant's Name:   PETER ROSSI

Count #: 1     18 U.S.C. 1962(d)     Rico Conspiracy

*Max. Penalty: Life imprisonment, mandatory minimum 10 years' imprisonment, and up to a $250,000 fine; supervised release term of not more than five years

Count #: 2     21 U.S.C. 846          Conspiracy to Possess With Intent to Distribute - Marijuana

*Max. Penalty: Life imprisonment, mandatory minimum 10 years' imprisonment, and up to a $4,000,000 fine; supervised release term of not more than five years

Count #: 3     21 U.S.C. 963          Conspiracy to Import With Intent to Distribute - Marijuana

*Max. Penalty: Life imprisonment, mandatory minimum 10 years' imprisonment, and up to a $4,000,000 fine; supervised release term of not more than five years

Count #: 4     18 U.S.C. 1956(h)     Conspiracy to Commit Money Laundering

*Max. Penalty:  20 years' imprisonment and up to a $500,000 fine or twice the value of the funds involved in the transaction; supervised release term of not more than five years

Counts #: 6 & 7     18 U.S.C. 401(3)     Contempt of Court

*Max. Penalty: Sentence at Court's discretion

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# PENALTY SHEET

Defendant's Name:   CECIL ROWELL

Count #: 1      18 U.S.C. 1962(d)      Rico Conspiracy

*Max. Penalty: Life imprisonment, mandatory minimum 10 years' imprisonment, and up to a $250,000 fine; supervised release term of not more than five years

Count #: 2      21 U.S.C. 846          Conspiracy to Possess With Intent to Distribute - Marijuana

*Max. Penalty: Life imprisonment, mandatory minimum 10 years' imprisonment, and up to a $4,000,000 fine; supervised release term of not more than five years

Count #: 3      21 U.S.C. 963          Conspiracy to Import With Intent to Distribute - Marijuana

*Max. Penalty: Life imprisonment, mandatory minimum 10 years' imprisonment, and up to a $4,000,000 fine; supervised release term of not more than five years

Count #: 4      18 U.S.C. 1956(h)      Conspiracy to Commit Money Laundering

*Max. Penalty:  20 years' imprisonment and up to a $500,000 fine or twice the value of the funds involved in the transaction; supervised release term of not more than five years

Count #:

*Max. Penalty:

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# PENALTY SHEET

Defendant's Name:   ROBERT LEWANDOWSKI

Count #: 1     18 U.S.C. 1962(d)     Rico Conspiracy

*Max. Penalty: Life imprisonment, mandatory minimum 10 years' imprisonment, and up to a $250,000 fine; supervised release term of not more than five years

Count #: 2     21 U.S.C. 846         Conspiracy to Possess With Intent to Distribute - Marijuana

*Max. Penalty: Life imprisonment, mandatory minimum 10 years' imprisonment, and up to a $4,000,000 fine; supervised release term of not more than five years

Count #: 3     21 U.S.C. 963         Conspiracy to Import With Intent to Distribute - Marijuana

*Max. Penalty: Life imprisonment, mandatory minimum 10 years' imprisonment, and up to a $4,000,000 fine; supervised release term of not more than five years

Count #:

*Max. Penalty:

Count #:

*Max. Penalty:

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# PENALTY SHEET

Defendant's Name:   GRACE MAMONE

Count #: 5     18 U.S.C. 1512      Obstruction of Justice

*Max. Penalty:  10 years' imprisonment and up to a $250,000 fine; supervised release term of not more than three years

Count #:

*Max. Penalty:

Count #:

*Max. Penalty:

Count #:

*Max. Penalty:

Count #:

*Max. Penalty:

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**UNITED STATES OF AMERICA**                 **CASE NO.** _____

**vs.**                                                         **CERTIFICATE OF TRIAL ATTORNEY***

**JOSEPH RUSSO, JR., et al.**
             **Defendant.**
_____/         **Superseding Case Information:**

**Court Division:** (Select One)                   New Defendant(s)          Yes ____   No ____
                                                                Number of New Defendants    ____
___ Miami    ____ Key West                    Total number of counts        ____
_X_ FTL      ____ WPB ___ FTP

I do hereby certify that:

1.    I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.    I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.    Interpreter:    (Yes or No)          ___No___
       List language and/or dialect    _____

4.    This case will take   _30_   days for the parties to try.

5.    Please check appropriate category and type of offense listed below:
       (Check only one)                                          (Check only one)

| | | | | | |
|---|---|---|---|---|---|
| I | 0 to 5 days | ____ | Petty | ____ | |
| II | 6 to 10 days | ____ | Minor | ____ | |
| III | 11 to 20 days | ____ | Misdem. | ____ | |
| IV | 21 to 60 days | _X_ | Felony | _X_ | |
| V | 61 days and over | ____ | | | |

6.    Has this case been previously filed in this District Court?  (Yes or No)   _No_
If yes:
Judge: _____    Case No. _____
(Attach copy of dispositive order)

Has a complaint been filed in this matter?    (Yes or No) _No_____
If yes:
Magistrate Case No. _____
Related Miscellaneous numbers: _____
Defendant(s) in federal custody as of _____
Defendant(s) in state custody as of _____
Rule 20 from the _____    District of _____

Is this a potential death penalty case? (Yes or No) ___No_____

7.    Does this case originate from a matter pending in the U.S. Attorney's Office prior to April 1, 2003? _X_ Yes __ No

8.    Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999? ___Yes _X_ No
       If yes, was it pending in the Central Region? ___ Yes __ No

9.    Did this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003 ? ___ Yes _X_ No

Diana L.W. Fernandez                 J. Brian McCormick                 James Pavlock
Assistant U.S. Attorney            Assistant U.S. Attorney          Senior Trial Attorney
Court I.D. A5500017                 Court I.D. A5500084               Court I.D. 5500657

*Penalty Sheet(s) attached                                                              REV.10/29/03

No. _____

# UNITED STATES DISTRICT COURT

**Southern** District of **Florida**

Central Criminal Division

## THE UNITED STATES OF AMERICA

vs.

JOSEPH RUSSO, JR.,
JEFFREY TOBIN,
DAVID TOBIN,
JOHN MAMONE,
PETER ROSSI,
CECIL ROWELL, aka "the Indian"
ROBERT LEWANDOWSKI, and
GRACE MAMONE

## INDICTMENT

18 U.S.C. 1962(d)
18 U.S.C. 1512
18 U.S.C. 1956(h)
21 U.S.C. 846
21 U.S.C. 963
18 U.S.C. 401(3)
18 U.S.C. 2

A true bill.

_____
Foreperson

Filed in open court this _____ day,

of _____ A.D. 20 ____

_____
Clerk

Bail, $ _____